Burdell *v.* Reeder.

## BURDELL *v.* REEDER.

An error committed in the rendition of a judgment can not, when said judgment has become dormant, be corrected in a proceeding of revivor.

TAFT, J.   This is a suit to revive a dormant judgment; and the main question is, whether an error committed in the rendition of that judgment can be corrected in this proceeding.

I do not find any precedent for retrying the merits of the original case, so as to correct errors committed in the original judgment.

It is claimed, for the defendant, that in the original judgment there was error, in this, that the suit was brought to foreclose a mortgage, and a judgment was rendered to foreclose the mortgage, and also a personal judgment on the note, and this was before the act of 1864 (61 O. L. 69), authorizing such twofold relief. I do not regard this as error, under the law as it stood prior to 1864.

But the note on which this original suit was brought was dated October 26, 1850, for $5,000, payable in ten years, with interest at ten per cent., until the maturity of the note, according to interest notes given. The ten years expired October 26, 1860. Now, it is clear to my mind that from that time no more than six per cent. per annum was recoverable. But the judgment was rendered for the principal, with ten per cent., and the judgment itself was made in terms to draw ten per cent. per annum. This was erroneous in my opinion, and I should be glad to correct the error. But when we consider the object of the proceeding to revive a dormant judgment, it appears that it is no part of it to correct errors in the original, but to determine whether there has arisen, since the rendition of the judgment, any cause showing that the judgment ought not to be enforced.

The revivor of a judgment seems to be a right which a party has, and which is not dependent upon the discretion of the court. Otherwise we might make the revival of the judgment conditioned upon the change of the judgment in the particular in which it was erroneous.

The result is, that the judgment will have to be revived as it stands.